UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| DAVID M. FINNEMAN, husband; and CONNIE S. FINNEMAN, wife, | CIV 21-5025 |
| Plaintiffs, | |
| vs. | MEMORANDUM OPINION AND ORDER |
| WALTER ROBERT LAIDLAW, husband; and FRANCES EVON LAIDLAW, wife, | |
| Defendants. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Pending before the Court is Defendants' Motion to Dismiss (Doc. 15) Plaintiffs' First Amended Complaint (Doc. 10) for various grounds discussed below, and a Request to take Judicial Notice of certain documents. (Doc. 15-7). Plaintiffs filed the lawsuit in the Southern District of California, and subsequently Judge Bashant transferred it to South Dakota (Doc. 22). The parties' filings preceded the transfer to this district, and as indicated below, the transfer has rendered several of their claims moot. The remaining claims will be addressed in turn. The case was fully briefed before its transfer.

I.    BACKGROUND

Plaintiffs' Complaint (Doc. 10) alleges in Count I - Breach of Contract, in Count II - Fraud, and in Count III - Conversion. Plaintiffs assert that Defendants entered into a contract for deed with Plaintiffs in 1996 for 6950 acres in Meade County, S.D. The grantors were Lutz-Laidlaw Partnership, Defendants Walter and Frances Laidlaw, and Marvin and Stella Lutz. A second contract for deed for 2250 acres of additional land in Pennington County was signed in 1999 by Marvin Lutz for Lutz-Laidlaw Partnership. (Doc. 10-1, 10-2). The 2250 acres in Pennington County and a separate 7500 acres of fee land are not at issue.

Plaintiffs allege they paid substantial sums on these contracts but discovered in late 2014 that Defendants Walter and Frances Laidlaw issued a warranty deed for the Meade County land (Doc.

10-3) to Ann and Michael Arnoldy while retaining the funds Plaintiffs had paid (Doc. 10, ¶ 24). The warranty deed to Ann and Michael Arnoldy dated January 3, 2014 and filed April 7, 2014 was signed by Defendant Walter Laidlaw and by Marvin Lutz on behalf of Lutz-Laidlaw Partnership (Doc. 10, Ex. 3). Plaintiffs further allege that Marvin and Stella Lutz, the other signatory to the contract, had conveyed their rights in the contracts to Walter and Frances Laidlaw. (Id., ¶ 26). In their response to the Defendants' Motion to Dismiss, they allege there has been no prior litigation concerning the warranty deed, which they assert is the subject of this case (Doc. 18).

Defendants responded to the Complaint with a Motion to Dismiss (Doc. 15) which raises several issues. The Motion includes a request for the Court to take judicial notice (Doc. 15-7) of four cases decided by the South Dakota Supreme Court and of certain other filings, arguing these documents address claims arising from litigation about the land that was the subject of the contracts for deed between the Lutz-Laidlaw Partnership and Finnemans. Defendants argue the materials reveal a lengthy dispute involving mortgages on the land, foreclosure, and redemption of the judgments by third parties. The cases also reveal that Plaintiffs transferred their interests to an entity, Rock Creek Farms, that became involved in part of that litigation. Defendants argue judicial notice of these cases and other matters is appropriate because the matters noticed will establish that Plaintiffs lack standing in this case and, alternatively, that the South Dakota Supreme Court's holdings are res judicata for the claims currently before the Court.

## II.     LEGAL STANDARDS

### a.     Motion to Dismiss

Defendants have moved to dismiss all counts under Federal Rules of Civil Procedure 12(b)(6) and 9(b). To avoid dismissal under Rule 12(b)(6), *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007), requires that the plaintiff have included in the complaint "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Accord, *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). As the Court considers a Motion to Dismiss, it must assume all facts alleged in the complaint are true. *Coleman v. Watt,* 40 F.3d 255, 258 (8th Cir. 1994). See also *Yankton Sioux Tribe v. U.S. Dept. of Health & Human Services*, 496 F. Supp. 2d 1044 (D.S.D. 1007). Although the Court should grant the Motion

to Dismiss only in the "unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief," it is a requirement that the complaint "contain facts which state a claim as a matter of law and must not be conclusory." *Frey v. City of Herculaneum*, 44 F.3d 667, 671 (8th Cir. 1995). While conclusory statements are insufficient, well-pleaded factual allegations should be deemed true and the District Court should proceed to determine whether plaintiff is entitled to relief. *Drobnak v. Anderson Corp.*, 561 F.3d 778 (8th Cir. 2008).

Additional requirements apply under Rule 9(b) when a plaintiff alleges fraud. The Rule provides that "a party must state with particularity the circumstances constituting fraud or mistake." Pleading the fraud with particularity means the plaintiff must supply sufficient information about the fraudulent conduct to enable to defendant to "respond specifically and quickly" to defend against the allegations. *United States ex rel Strubbe v. Crawford Cnty. Mem. Hosp.*, 915 F.3d 1158, 1163 (8th Cir. 2019). As the court described in affirming the dismissal of a fraud claim in *Wivell v. Wells Fargo Bank, N.A.*, 773 F.3d 887, 898 (8th Cir. 2014), "To satisfy the particularity requirement of Rule 9(b), the complaint must plead such facts as the time, place, and content of the defendant's false representations, as well as the details of the defendant's fraudulent acts, including when the acts occurred, who engaged in them, and what was obtained as a result." (quoting *United States ex rel. Joshi v. St. Luke's Hosp., Inc.*, 441 F.3d 552, 556 (8th Cir. 2006)). The Eighth Circuit has noted in several cases that this means the plaintiff must plead "the who, what, where, when, and how" of the allegations of fraud. See, e.g., *Ascente Business Consulting, LLC v. DRmyCommerce*, 9 F.4th 839, 845 (8th Cir. 2021); *Ambassador Press, Inc. v. Durst Image Tech., U.S, LLC*, 949 F.3d 417, 421 (8th Cir. 2020); *Joshi*, 441 F.3d at 556.

b. Substantive Arguments

1. Standing

Defendants have moved to dismiss, arguing Plaintiffs lack standing and thus the Court is deprived of jurisdiction to hear the case pursuant to Rule 12(b)(1). (Doc. 15, Pg. ID#320). Defendants argue Plaintiffs lost their interest in the subject property years ago to the parties who redeemed in foreclosure, Ann and Michael Arnoldy, and also had conveyed their interest in the property prior to that time to another entity, Rock Creek Farms. (Doc. 15-1). Plaintiffs assert that they have standing because Defendants "took money and refused to deliver the deeds in exchange."

3

(Doc. 18, Pg. ID#452). They also assert that if there are questions of disputed fact on the standing issue, a grant of summary judgment on that issue is precluded. (*Id.*)

Recently, the Supreme Court reiterated rules that are pertinent in assessing whether a party has standing and can successfully resist a motion to dismiss. In *Uzuegbunam v. Preczewski*, ___ U.S. ___, 141 S.Ct. 792, 796, 209 L. Ed. 2d 94 (2021), the Court commented that, "At all stages of litigation, a plaintiff must maintain a personal interest in the dispute. ... To demonstrate standing, the plaintiff must not only establish an injury that is fairly traceable to the challenged conduct but must also seek a remedy that redresses that injury." The Eighth Circuit has established that a plaintiff must allege "a personal stake in the outcome of the case" that warrants "invocation of federal court jurisdiction" and justifies the court's exercise of remedial powers to vindicate the claim. *Glickert v. Loop Trolley Transp. Development Dist.*, 792 F.3d 876, 881 (8th Cir. 2015).

In the case at bar, the court is sitting in diversity, necessitating the application of state substantive law on the question of standing. *S. J. Louis Const., Inc. v. Lewis & Clark Regional Water Sys.*, 585 F.Supp.2d 1139 (D.S.D. 2008) (citing *Gasperini v. Center for Humanities, Inc.*, 518 U.S. 415, 416, 116 S. Ct. 2211, 135 L. Ed. 2d 659 (1996); *PHL Variable Inc. Co. v. Fulbright McNeill, Inc.*, 519 F.3d 825, 828 (8th Cir. 2008)). South Dakota law governs the resolution of the standing issue for state law claims in this case. In *Powers v. Turner Co. Bd. of Adjustment*, 951 N.W.2d 284, 289-90 (S.D. 2020), the South Dakota Supreme Court reiterated the general rules that a litigant must have standing to pursue a claim in court, a court may not exercise its subject-matter jurisdiction unless the individuals pursuing the litigation have standing, and that subject matter jurisdiction is "conferred solely by constitutional or statutory provisions." In *Black Bear v. Mid-Central Educational Cooperative*, 941 N.W.2d 207 (S.D. 2020), the court explained further that to establish standing:

> First, the plaintiff must establish that he suffered an injury in fact—"an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not 'conjectural' or 'hypothetical.' " Second, the plaintiff must show that there exists a causal connection between the plaintiff's injury and the conduct of which the plaintiff complains. The causal connection is satisfied when the injury is "fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court." Finally, the plaintiff must show it is likely, and not merely speculative, that the injury will be redressed by a favorable decision.

4

*Black Bear*, 941 N.W.2d, at 212-13 (citing *Cable v. Union Cty. Bd. of Cty. Comm'rs*, 769 N.W.2d 817, 825-26 (S.D. 2009).

Plaintiffs' claim that they have standing in this case has no basis in law or fact. While ordinarily claims of breach of contract, fraud and conversion would confer standing on the parties to the original contracts for deed, the case at bar is a far cry from the ordinary case. Lengthy litigation resulted in the mortgage redemptions and the right to cure the contract for deed default on the Meade County 6250 acres all being owned by Ann Arnoldy. *L & L Partnership v. Rock Creek Farms*, 843 N.W.2d 697 (S.D. 2014); see also *Farm Pro Services v. Finneman*, 887 N.W.2d 72, 75 (S.D. 2016). Ann Arnoldy and Michael Arnoldy cured the contract for deed default and the 2014 deed at issue was issued to them by L & L Partnership. By the time of that decision, Plaintiffs had conveyed their interest in the subject property to Rock Creek Farms, *id.*, and in the context of their 2009 litigation over the land in question in this case, Plaintiffs asserted to the Seventh Judicial Circuit Court that they had done so. (Doc. 15-13, ¶ 13). As the South Dakota Supreme Court noted, Plaintiffs filed documents with the South Dakota Secretary of State indicating they had no interest in Rock Creek Farms. *Id.* at 700, n. 3. The South Dakota Supreme Court held that although Plaintiffs at one time had an equitable interest in the land subject to the contracts for deed, they lost their equitable rights. *Id.* at 703; see also *Farm Pro Services, Inc. v. Finneman*, 887 N.W.2d 72 (S.D. 2016). All of these facts and holdings prevent Plaintiffs having any even colorable standing to litigate. Plaintiffs no longer have an interest in the Meade County or Pennington County land and they did not prevail in any of the litigation that arose out of the original contracts for deed. The Court therefore grants the motion to dismiss because Plaintiffs do not have standing to litigate this case.

2.     Judicial Notice

Defendants have requested that the Court take judicial notice of several decisions by the South Dakota Supreme Court. (Doc. 15-7). The cases are as follows: *Rabo Agrifinance, Inc. v. Rock Creek Farms*, 813 N.W.2d 122 (S.D. 2012), (Doc. 15-14); *Rabo Agrifinance, Inc. v. Rock Creek Farms*, 836 N.W.2d 631 (S.D. 2013), (Doc. 15-15); *L & L Partnership v. Rock Creek Farms*, 843 N.W.2d 697 (S.D. 2014), (Doc. 15-8); and *FarmPro Services, Inc. v. Finneman*, 887 N.W.2d 72 (S.D. 2016), (Doc. 15-9). Defendants also request that the Court take judicial notice of a news

5

release regarding Plaintiffs' conviction and sentence in December, 2005 to federal prison in connection with offenses related to federal agricultural benefits for farming the land at issue in this case, (Doc. 15-10); of Plaintiffs' original complaint in this action (Doc. 1, 15-12); of L & L Partnership and Marvin Lutz's Motion to the South Dakota Supreme Court to withdraw its Notice of Review on January 6, 2014, (Doc. 15-11); and of Plaintiffs' filing in the Seventh Judicial Circuit Court of South Dakota on April 16, 2009 (Doc. 15-13). Plaintiffs resist the request (Doc. 17, 19), arguing the cases and other materials have "no bearing" on what is at issue in the case at bar.

Federal Rule of Evidence 201 permits the Court to take judicial notice of certain matters, and when ruling on a Motion to Dismiss, judicial notice becomes an important consideration. Although the court generally must ignore materials outside the pleadings, it may consider "some materials that are part of the public record or do not contradict the complaint." *Missouri ex rel. Nixon v. Coeur d'Alene Tribe*, 164 F.3d 1102 (8th Cir.), cert. denied, 527 U.S. 1039, 119 S. Ct. 2400, 144 L. Ed. 2d 799 (1999). See also *Mills v. City of Grand Forks,* 614 F.3d 495, 498 (8th Cir. 2010); *Porous Media Corp. v. Pall Corp.,* 186 F.3d 1077, 1079 (8th Cir. 1999). This includes materials necessarily embraced by the pleadings. *Illiq v. Union Electric Co.*, 652 F.3d 971, 972 (8th Cir. 2011)(quoting *Mills*, 614 F.3d at 498).

It is well-established that a federal court may take judicial notice of relevant state court documents. *Knutson v. City of Fargo*, 600 F.3d 992 (8th Cir. 2010). See also *Eiler v. Avera McKennan Hospital*, 2016 WL 1117441, *1 (D.S.D. 2016); *Waldner v. North American Truck & Trailer, Inc.*, 277 F.R.D. 401, 406 (D.S.D. 2011). Furthermore, taking judicial notice of public court records does not convert the motion into one for summary judgment. *Nixon*, 164 F.3d at 1107.

The court will take judicial notice of the four South Dakota Supreme Court cases that were the subject of the Defendants' request. (Doc 15-8, 15-9, 15-14, 15-15). The Court will also take judicial notice of L & L Partnership and Lutz's motion to withdraw its notice of review (Doc. 15-11) and Plaintiffs' 2009 complaint in South Dakota Seventh Judicial Circuit Court (Doc. 15-13). These are documents relevant to the issues in this case and are part of the public record developed in the state court proceedings. The Court will take judicial notice of Plaintiffs' original complaint in this action (Doc. 1, 15-12), as the Court may judicially notice filings in the case at bar. The Defendants' request (Doc. 15-7) that the court take judicial notice of these documents is granted.

The Court declines to take judicial notice of the news release (Doc. 15-10) as unnecessary to its decision. The Defendants' request (Doc. 15-7) that the court take judicial notice of this document is denied.

3.    Res Judicata

Defendants have moved to dismiss, arguing that the claims for relief by Plaintiffs have been resolved previously by the South Dakota Supreme Court, and that those decisions are res judicata. (Doc. 15). Plaintiffs counter that the prior cases are not res judicata because they address foreclosure and redemption of real property, whereas the present lawsuit addresses a warranty deed issued subsequently for the Meade County land. (Doc. 10). The Court has taken judicial notice of the cases cited by Defendants, and concludes those cases have resolved that on the record before the South Dakota Supreme Court in its decision on February 19, 2014, Ann Arnoldy was entitled to all the property at issue once she exercised her right to cure the contract default. *L & L Partnership v. Rock Creek Farms*, 843 N.W.2d 697 (S.D. 2014). The contract default was cured and with a deed filed April 7, 2014, the Meade County property was deeded to Ann and Michael Arnoldy by L & L Partnership. The transfer tax on the deed shows that the consideration for the deed was $1,800,000.00 for the Meade County property. The deed was dated January 3, 2014. L & L Partnership withdrew their Notice of Review before the South Dakota Supreme Court by a pleading dated January 6, 2014, reciting that L & L had assigned all of its interest in the land and contracts for deed to Ann Arnoldy and Michael Arnoldy and thus had no further interest in two notices of review, 26390 and 26391. The related decision of *L & L Partnership v. Rock Creek Farms*, 843 N.W.2d 697 (S.D. 2014) was filed on February 19, 2014. The record before the South Dakota Supreme Court would not have shown that the Meade County property was subsequently deeded to both Ann Arnoldy and Michael Arnoldy.

The Eighth Circuit has ruled that a party may file a motion to dismiss which raises res judicata as an affirmative defense. *Benson v. Family Tree Corp.*, 2021 WL 4059810, *1 (8th Cir. 2021) (citing *C.H. Robinson Worldwide, Inc. v. Lobrano*, 695 F.3d 758, 763-64 (8th Cir. 2012)). Dismissal is properly based on an "affirmative defense apparent from the face of the complaint, public records, and materials embraced by the complaint." *Id.* The *Benson* court added that dismissal for failure to state a claim based on res judicata was proper in the case before it, *id.*, and

7

that the court should rely "on the law of the forum that rendered the first judgment to control [the] res judicata analysis." *Id.* (citing *Finstad v. Beresford Bancorp.*, 831 F.3d 1009, 1013 (8th Cir. 2016)).

As the court explained in *Yankton Sioux Tribe v. U.S. Dept. of Health & Human Services*, 496 F.Supp.2d 1044, 1052 (D.S.D. 2007) the doctrine of res judicata precludes relitigation of issues that were or could have been raised in a previous lawsuit once there is a final judgment on the merits. The purpose of res judicata is to "relieve parties of the costs and vexation of multiple lawsuits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication." *Id.* (citing *Allen v. McCurry*, 449 U.S. 90, 95, 101 S.Ct. 411, 66 L. Ed. 2d 308 (1980)).

Because the South Dakota Supreme Court has decided the four cases that Defendants claim are res judicata for the instant case, the South Dakota law on res judicata applies. In *Lawrence County v. Miller*, 786 N.W.2d 360, 369 (S.D. 2010), the court commented that "[t]he doctrine of res judicata bars any 'attempt to relitigate a cause of action by the parties or one of the parties in privity to a party to an earlier suit.' " (citing *Dakota Plains AG Center, LLC v. Smithey*, 772 N.W.2d 170, 179 (S.D. 2009) quoting *Speck v. Federal Land Bank of Omaha*, 494 N.W.2d 628, 633 (S.D. 1993)). The court explained further that res judicata's preclusive effect applies to "an issue actually litigated or which could have been properly raised and determined in a prior action." *Id.* (citing *Black Hills Jewelry Mfg. Co. v. Felco Jewel Indus., Inc.*, 336 N.W.2d 153, 157 (S.D. 1983)). Furthermore, "the cause of action in the prior litigation must be the same as the cause of action in the subsequent litigation." *Id.* The court explained that it had "adopted the broad test in *Hanson v. Hunt Oil Co.*, 505 F.2d 1237 (8th Cir. 1974), for determining if both causes of action are the same." *Id.* at 369-70. It added that "a cause of action is comprised of the facts that gave rise to, or established, the right the party seeks to enforce." *Id.* Thus, "if the wrong sought to be redressed is the same in both actions, then res judicata applies." *Dakota Plains AG*, 772 N.W.2d at 179-80 (cleaned up).

In *Estate of Johnson by and through Johnson v. Weber*, 898 N.W.2d 713, 733 (S.D. 2017), the South Dakota Supreme Court set forth the elements for establishing that res judicata precludes relitigation of a party's claims as follows: "(1) a final judgment on the merits in an earlier action; (2) the question decided in the former action is the same as the one decided in the present action;

(3) the parties are the same; and (4) there was a full and fair opportunity to litigate the issues in the prior proceeding." (citing *People ex rel. L.S.*, 721 N.W.2d 83, 89-90 (S.D. 2006)).

In the instant case, there are at least four cases in which the South Dakota Supreme Court has dealt with issues concerning the Meade County land which was the subject of a 2014 warranty deed from Lutz-Laidlaw Partnership to Ann Arnoldy and Michael Arnoldy. The court summarized the prior litigation in *FarmPro Services*, 887 N.W.2d, at 74-75, as follows: the Meade County land covered by the warranty deed was the subject of a contract for deed entered into in 1996 between Plaintiffs and Lutz-Laidlaw Partnership. The Plaintiffs encumbered that land and Pennington County land, subject to a 1999 contract for deed, and land they owned in fee with numerous mortgages. Ultimately the mortgages were foreclosed. *Id.* The first foreclosure by FarmPro yielded a final judgment of foreclosure and a sheriff's sale. *Id.* An appeal in that case was dismissed by the South Dakota Supreme Court for failure to serve the United States. *Rabo*, 813 N.W.2d, at 125. However, there was a second foreclosure by Rabo and eventually the redemption right was awarded to Ann and Michael Arnoldy in that foreclosure action, *Rabo II*, 836 N.W.2d, at 639. The land was still subject to the contract for deed interest of Lutz-Laidlaw Partnership. Lutz-Laidlaw Partnership later foreclosed on both of the contracts for deed, *L & L Partnership*, 843 N.W.2d, at 701, resulting in Ann Arnoldy holding both the equitable ownership of the contract for deed property and the right to cure the default under the contracts. The contract default was then cured by Ann and Michael Arnoldy in 2014. That occurred because Ann Arnoldy was found to have equitable ownership and the right to cure instead of Rock Creek Farms, an entity to which Plaintiffs had conveyed their interest in the land. The South Dakota Supreme Court stated it disagreed that the Finnemans or Rock Creek Farms had the right to cure as original vendees to the contract for deed. *Id.*, at 702. The Court held that the equitable title in the land subject to the two contracts for deed of the vendee [Finnemans] can be transferred "by operation of law or by an instrument in writing," *id.*; once there was foreclosure, redemption, lapse of redemption rights, and issuance of the sheriff's deed "the purchaser at the foreclosure sale becomes the owner of any rights held by the mortgagor or mortgagor's assignees." *Id.* Finnemans had an equitable interest in the land which they mortgaged. The mortgage was foreclosed and Ann Arnoldy redeemed. The Finnemans lost their equitable rights. *Id.* The sheriff's deed to Ann Arnoldy was a ministerial act to complete the transfer. *Id.*, at 703.

L & L Partnership still retained title and the foreclosure of the contract for deed. Those interests were transferred in 2014 to Ann and Michael Arnoldy.

With respect to the elements needed to prevail on a claim of res judicata the Court makes the following determination:

1) the South Dakota Supreme Court issued final judgments in at least four cases; three resolved circuit court decisions on the merits and one dismissed the appeal for failure to serve the United States as a party;

2) the question decided in the four prior cases is the same as what the plaintiffs seek to relitigate here–Plaintiffs mortgaged the land, the mortgages were foreclosed, a third party redeemed and was issued a warranty deed by Defendant Walter Laidlaw and Marvin Lutz and L & L Partnership. This was pursuant to the determination of the South Dakota Supreme Court that Plaintiffs no longer had an interest in the land. Plaintiffs did not redeem when the mortgages were foreclosed; Ann Arnoldy did redeem. Ann and Michael Arnoldy did cure the contract for deed default. Plaintiffs apparently seek to use the federal court as a forum to circumvent the decisions of the South Dakota Supreme Court by couching their claims as breach of contract, fraud and conversion. One of Plaintiffs' problems is that they base their lawsuit on the 2014 warranty deed (Doc. 18). With that deed the Defendant Robert Laidlaw as well as Marvin Lutz for L & L Partnership properly transferred the property in question to Ann and Michael Arnoldy after they cured the contract for deed default of the Plaintiffs. There has been no showing that Plaintiffs should receive anything back for what they might have paid on the defaulted contract for deed. They cannot relitigate their claims to the land by renaming them.

3) Plaintiffs were parties in all of the prior lawsuits.

4) At least four decisions from the South Dakota Supreme Court demonstrate that Plaintiffs had a full and fair opportunity to litigate their claims. The Court's opinions are lengthy and assess the complexities of the cases with great care. Plaintiffs pursued every avenue available. Their litigation has come to an end.

As an alternative holding to the dismissal for lack of standing, the Court grants the motion to dismiss based on res judicata.

4.     Statute of limitations

On the basis of the above rulings, the Court does not address the statute of limitations defense.

5.     Improper venue

Defendants moved to dismiss on the grounds that California was an improper venue for this lawsuit. The motion is rendered moot by Judge Bashant's transfer of the case to the District of South Dakota (Doc. 22) and is dismissed.

6.     Dismissal for failure to join indispensable parties

Pursuant to Rule 12(b)(7), Defendants have moved to dismiss for failure to join indispensable parties, including the Lutz-Laidlaw Partnership (a South Dakota entity) and Marvin and Stella Lutz (a couple apparently residing in Arizona who formerly resided in South Dakota). When this case was originally filed in California, Plaintiffs (South Dakota residents) did name Lutz-Laidlaw Partnership as a Defendant. (Doc. 1). Joining these parties destroyed diversity jurisdiction, however, and Plaintiffs then filed a First Amended Complaint (Doc. 10) which omitted Lutz-Laidlaw Partnership. After the California District Court transferred the lawsuit to South Dakota, the diversity jurisdiction issue was rendered moot as Plaintiffs and the named Defendants are residents of different states.

In the case at bar, the court has dismissed Plaintiffs' lawsuit based on lack of standing and, as an alternative holding, on the basis that the cases decided by the South Dakota Supreme Court are res judicata. Given the Court's resolution of these issues, the motion to dismiss for failure to join indispensable parties is moot and is dismissed.

7.     Failure to comply with Rule 9(b)

As discussed above, a plaintiff is required to meet the heightened pleading standards of Rule 9(b) when alleging fraud. *Freitas v. Wells Fargo Home Mortg., Inc.,* 703 F.3d 436 (8th Cir. 2013). To comply with the Rule, the "party must state with particularity the circumstances constituting the fraud." *Id.* (quoting Rule 9). The *Freitas* court explained further that the party "must plead 'such matters as the time, place and contents of the false representations, as well as the identity of the person making the misrepresentation and what was obtained or given up thereby'." *Id.* (cleaned up). The *Freitas* court also noted an important factor is that the plaintiffs possess "information that would

11

have enabled them to 'state with particularity' the circumstances of [the defendant's] representations as Rule 9(b) requires." *Id.* at 440. See also *Ransom v. VFS, Inc.*, 918 F.Supp.2d 888, 898-900 (D. Minn. 2013) (dismissing fraud claim based on insufficient facts); *Petsche v. EMC Mortg. Corp.*, 830 F.Supp.2d 663 (D. Minn. 2011) (dismissing fraud claim for failure to identify the false representations and who made them).

Plaintiffs allege in Count II that Defendants committed fraud by making promises and not keeping them. Plaintiffs do not allege any facts to explain the "who, what, where, when, and how" required by Rule 9(b). The Court is left to conjecture whether these alleged promises were made at the time of forming the contracts for deed, during the foreclosure or redemption process, or at some earlier or later time. The nature of the allegedly false representations also is unclear. For these reasons, as an alternative to the Court's rationales for dismissal detailed above, the Court as an alternate holding grants Defendants' motion to dismiss Count II for failure to comply with the pleading requirements of Rule 9(b).

8.     Dismissal for forum non conveniens

The Defendants have moved to dismiss on the basis that California is a forum non conveniens for resolution of this lawsuit. The transfer of this case to South Dakota (Doc. 22) renders Defendants' motion moot and it is dismissed.

In accordance with this Memorandum, IT IS ORDERED as follows:

1.     The Defendants' Motion to Dismiss under Rule 12(b)(1) based on Plaintiffs' failure to establish standing is granted.

2.     The Court grants the request to take judicial notice of Doc. 15-8, 15-9, 15-11, 15-12, 15-13, 15-14, and 15-15. It denies the request with respect to Doc. 15-10.

3.     The Motion to Dismiss based on res judicata is granted.

4.     The Motion to Dismiss for failure to comply with the statute of limitations is not ruled upon as it is moot.

5.     The Motion to Dismiss based on improper venue is rendered moot by the transfer of the case to South Dakota and is dismissed.

6.     The Motion to Dismiss for failure to join indispensable parties is dismissed

as moot.

7.    The Motion to Dismiss Count II - Fraud of Plaintiffs' Complaint for failure
      to comply with Rule 9(b) is granted as an alternate ruling.

8.    The Motion to Dismiss based on forum non conveniens is dismissed as moot.

Dated this **30**ᵗʰ day of September, 2021.

                                        BY THE COURT:


                                        Lawrence L. Piersol
                                        United States District Judge

ATTEST:
MATTHEW W. THELEN, CLERK


13