UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

DAVID M. FINNEMAN, husband,
And CONNIE S. FINNEMAN, wife,
    Plaintiffs

5:21-cv-5025

vs.

MEMORANDUM
OPINION AND ORDER

WALTER ROBERT LAIDLAW,
husband, and FRANCES EVON
LAIDLAW, wife,
    Defendants

Pending before the Court is Defendants' motion for attorneys' fees with supporting documentation. (Doc. 46-48). Plaintiffs have not filed a response. The Court denied without prejudice an earlier motion for attorneys' fees, (Doc. 43), pending a decision from the Eighth Circuit on Plaintiffs' appeal. The appeal has been denied and the court has issued its order, judgment, and mandate. (Doc. 44, 45, 51). The Eighth Circuit has remanded the case to this Court to determine the "appropriate award, if any, of all the attorney fees and costs in this case." (Doc. 50).

**Background**

The Eighth Circuit summarized the facts of the case in affirming this Court's dismissal of Plaintiffs' lawsuit for lack of standing. *Finneman v. Laidlaw*, 57 F.4th

1

605 (8th Cir. 2023) (affirming 2021 WL 4482730 (D.S.D. 2021)). Plaintiffs and Defendants entered into contracts for deed for two properties. *Id.* at 606. In several previous cases, the South Dakota courts determined Plaintiffs had transferred their interests in the properties to a third party. *Id.* at 607 (citing *Rabo Agrifinance, Inc. v. Rock Creek Farms*, 813 N.W.2d 122, 130 (S.D. 2012); *Rabo Agrifinance, Inc. v. Rock Creek Farms*, 836 N.W.2d 631, 640-41 (S.D. 2013); *L & L P'ship v. Rock Creek Farms*, 843 N.W.2d 697, 704 (S.D. 2014); *FarmPro Servs., Inc. v. Finneman*, 887 N.W.2d 72, 75 (S.D. 2016)). Although Plaintiffs had lost all of these lawsuits, they persisted in suing Defendants in the Southern District of California for fraud, conversion, and breach of contract. (Doc. 1, 10). The case was transferred to the District of South Dakota, (Doc. 22), and this Court granted Defendants' motion to dismiss in part, with several claims dismissed as moot. (Doc. 34).

The Eighth Circuit affirmed, stating Plaintiffs "do not have standing because they have not suffered an injury in fact that would likely be redressed by judicial relief." *Id.* at 607. The court recognized Plaintiffs had transferred their rights in the property to a third party. *Id.* (citing *L & L P'ship*, 843 N.W.2d at 704). The court further emphasized that Plaintiffs "have no legal or equitable rights in the properties." *Id.*

Plaintiffs petitioned for rehearing by the panel and en banc review, which were denied. (Doc. 49). Defendants have renewed their request for attorneys' fees (Doc. 46). The Court finds that, given the resolution of Plaintiffs' claims, Defendants are the prevailing party in this lawsuit.

**Legal Standard**

Defendants have moved for attorneys' fees as the prevailing party, as outlined in the Parties' Contract for Deed. (Doc. 39-D, PgID 77). The contract provides that appropriate remedies are "those available under South Dakota law." (Id., ¶ 17). The contract further provides that if there is litigation or a dispute arising out of the contract, "the prevailing party shall be entitled to recover from the other party reasonable attorney's fees and disbursements, as allowed by law." (Id., ¶ 19).

The South Dakota Supreme Court has stated that, "Attorney fees are allowed when there is a contractual agreement that the prevailing party is entitled to attorney fees...." *Aqreva v. Eide Bailly, LLC*, 950 N.W.2d 774, 792 (S.D. 2020) (quoting *Fuller v. Croston*, 725 N.W.2d 600, 612 (S.D. 2006) (quoting *Credit Collection Services, Inc. v. Pesicka*, 721 N.W.2d 474, 476 (S.D. 2006)) (cleaned up)). Contract provisions are not dispositive, however, for the attorneys' fees awarded must be "reasonable." *In re South Dakota Microsoft Antitrust Litigation*, 707 N.W.2d 85, 98 (S.D. 2005). See generally *Black Hills Excavating Services,*

3

*Inc. v. Retail Const. Services, Inc.*, 877 N.W.2d 318, 323-24 (S.D. 2018) (approving award of attorney fees provided for in contract).

The South Dakota Supreme Court has directed that assessment of reasonableness begins with the calculation of "the hourly fee multiplied by the attorney's hours." *Id*. at 99 (citing *Duffy v. Circuit Court, Seventh Judicial Circuit*, 676 N.W.2d 126, 134 (S.D 2004)). This calculation requires consideration of the following factors:

> (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
>
> (2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;
>
> (3) the fee customarily charged in the locality for similar legal services;
>
> (4) the amount involved and the results obtained;
>
> (5) the time limitations imposed by the client or by the circumstances;
>
> (6) the nature and length of the professional relationship with the client;
>
> (7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and
>
> (8) whether the fee is fixed or contingent.

*SD Microsoft*, 707 N.W.2d at 98-99 (quoting *City of Sioux Falls v Kelley*, 513 N.W.2d 97, 111 (S.D. 1994)).

The South Dakota Supreme Court also has recognized that the "fee should not be determined by any single factor, but rather all of the factors should be taken into consideration in determining a reasonable fee." *Crisman v. Determan Chiropractic, Inc.*, 687 N.W.2d 507, 514 (S.D. 2004) (citing *Duffy*, 676 N.W.2d at 134). Furthermore, "a fee applicant is not limited to paying out-of-state counsel the reasonable local rates." *SD Microsoft*, 707 N.W.2d at 103 (citing *Emery v. Hunt*, 236 F.Supp.2d 1033, 1039 (D.S.D. 2002) (cleaned up)). The *Microsoft* court added that if hiring out-of-state counsel was "reasonable," counsel's hourly rate is determined by the attorney's "degree of skill, experience, and reputation." *Id.* (quoting *Anderson v. Wilson*, 357 F.Supp.2d 991, 997 (E.D. Ky. 2005) (cleaned up)).

The Eighth Circuit recently addressed a problematic issue in the context of attorney fees in *Blackorby v. BNSF*, ___ F.4th ___, 2023 WL 2028706, *4 (8th Cir. 2023) (citing *Kline v. City of Kan. City, Mo. Fire Dept.*, 245 F.3d 707, 709 (8th Cir. 2001)). The court made clear that the case before it did not "bear the hallmarks of overlawyering," meaning engaging in efforts to "drive up the expense of litigation." *Id.* (citing *Cuff v. Trans States Holdings, Inc.*, 768 F.3d 605, 611 (7th Cir. 2014)). Had that been the case, a reduction in fees could result. *Id.*

5

**Discussion**

The case at bar originated on June 26, 2020, in the United States District Court for the Southern District of California, and the Defendants retained John Bowerbank of Garcia Rainey Blank & Bowerbank, LLP, as counsel. (Doc. 5). Counsel filed a motion to dismiss, (Doc.8, 15), and motion to transfer venue to the District of South Dakota. (Doc. 9). The case was transferred on April 14, 2021. (Doc. 22). Subsequently, the motions prepared by Bowerbank and co-counsel Hugo Lopez were addressed by this Court, (Doc. 34), and granted in part, with several claims dismissed as moot. Subsequently, Christopher A. Christianson of Gunderson, Palmer, Nelson and Ashmore, LLP, entered an appearance for Defendants. (Doc. 36).

The Defendants have requested attorneys' fees for attorneys Lopez and Bowerbank of the Garcia Rainey Firm and attorney Christianson of the Gunderson, Palmer Firm. Defendants have requested costs, as well. The fee requests are supported by affidavits from Lopez, (Doc. 39), and Christianson, whose affidavit also supports the request for costs. (Doc. 48).

Plaintiffs filed their lawsuit in the Southern District of California, necessitating Defendants' retaining counsel licensed to practice before that court. As noted, Defendants retained John Bowerbank. The Garcia Rainey Firm, located in Costa Mesa, CA, bills for partners at a rate of $445 and for associates at $295

per hour. (Doc. 39, PgID 53).  Attorney Bowerbank is listed as a firm partner and Lopez as Of Counsel on the firm website.  Bowerbank and Lopez submitted descriptive records of their activities on the case beginning in July 2020 and ending in October 2021, when the case was transferred to the United States District Court, District of South Dakota.  (Doc. 39-3, PgID 68-72).   Included are conferences with the clients, preparation of documents in response to Plaintiffs' extensive filings, and the motion to transfer venue to South Dakota.  The request of $42,009.50 for Lopez and Bowerbank based on the hourly rate of $445.00 reflects 94.4 hours devoted to the case. The Court finds the hourly rate and number of hours spent on the case are reasonable.  Therefore, the requested fees of $42,009.50 for Bowerbank and Lopez are reasonable and the Court awards them in full.

Attorney Christianson of the Gunderson Palmer Firm has submitted an affidavit listing the hourly rate for the law firm partners as $300 and for associates as $275.  (Doc. 48-1, PgID 104).  Christianson is an associate and submitted billing records establishing hours devoted to this case as 75.20.  The billing invoices also include minimal consultation with a partner and activity billed at a lower rate resulting in a total fee request of $19,249.00. (Id.). The Court finds the hourly rate and number of hours spent on the case are reasonable and awards the requested fee of $19,249.00 in full.

Attorney Christianson has filed a request for reimbursement of costs of $544.05. The costs are itemized as covering postage, photocopying, and a cost paid to the Clerk of the Court of Appeals, for a total of $544.05. (Id., PgID 107). The Court finds the costs are reasonable and awards them in full.

In sum, the total of attorneys' fees for Lopez and Bowerbank is $42,009.50. The total attorney's fee for Christianson is $19,249.00. The total attorneys' fees awarded by the Court is $61,258.50. The total awarded for costs is $544.05. The combined Judgment for attorneys' fees and costs is $61,802.55.

## CONCLUSION

In the case at bar, the attorneys for the Defendants defended claims by Plaintiffs that had been resolved against them in the South Dakota courts years before. Plaintiffs persisted in this Court, appealed to the Eighth Circuit, and petitioned unsuccessfully for rehearing en banc and by the panel. Defense counsel did not "overlawyer" the case, and instead responded to Plaintiffs' filings in a responsible manner. The fees charged and hours spent were reasonable and the contractual provision authorizing attorney fees to the prevailing party will be enforced.

Accordingly, IT IS ORDERED that Defendants are awarded the following:

1. Attorneys' fees for John Bowerbank and Hugo Lopez of $42,009.50;
2. Attorney's fees for Christopher Christianson of $19,249.00; and

3. Costs of $544.05.

Dated this 28th day of March, 2023.

BY THE COURT:

*Lawrence L. Piersol (signature)*

Lawrence L. Piersol
United States District Judge

ATTEST:
MATTHEW W. THELEN, CLERK

*Matthew Thelen (signature)*

_____