UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| DAVID M. FINNEMAN and CONNIE S. FINNEMAN, Plaintiffs | 5:21-cv-5025 |
| vs. | MEMORANDUM OPINION AND ORDER DENYING MOTION FOR RELIEF PURSUANT TO RULES 60(b)(1) and 60(b)(6) |
| WALTER ROBERT LAIDLAW and FRANCES EVON LAIDLAW, Defendants | |

Pending before the Court is the pro se Plaintiffs' motion for relief pursuant to F.R.C.P. 60(b). (Doc.54). Plaintiffs assert the Court's award of attorney fees to Defendants involved a procedural misstep and should be vacated because their due process rights were violated. Defendants have responded that any error that occurred is attributable to Plaintiffs and does not warrant relief. (Doc. 57). Defendants have requested attorney fees in conjunction with Plaintiffs' pending motion. For the following reasons the Court denies Plaintiffs' motion for Rule 60(b) relief and denies an additional award of attorney fees to Defendants for their work in responding to Plaintiffs' motion.

1

## BACKGROUND

The dispute about attorney fees currently before the Court originated in a lawsuit filed by Plaintiffs alleging breach of contract, fraud, and conversion. *Finneman v. Laidlaw*, 2021 WL 4482730 (D.S.D. Sept. 30, 2021).  That lawsuit was not the first that Plaintiffs filed in relation to two contracts for deed for land in Pennington County and Meade County, South Dakota. As described by the Eighth Circuit in affirming this Court's order and Judgment of dismissal, in several previous cases, the South Dakota courts determined Plaintiffs had transferred their interests in the properties to a third party. *Finneman v. Laidlaw*, 57 F.4th 605, 607 (8th Cir. 2023)  (citing *Rabo Agrifinance, Inc. v. Rock Creek Farms*, 813 N.W.2d 122, 130 (S.D. 2012); *Rabo Agrifinance, Inc. v. Rock Creek Farms*, 836 N.W.2d 631, 640-41 (S.D. 2013) (rejecting Finnemans' claim for relief under Rules 60(b)(1) and (b)(6)); *L & L P'ship v. Rock Creek Farms*, 843 N.W.2d 697, 704 (S.D. 2014); *FarmPro Servs., Inc. v. Finneman*, 887 N.W.2d 72, 75 (S.D. 2016)). Although Plaintiffs had lost all of these lawsuits, they persisted in suing Defendants in the Southern District of California for fraud, conversion, and breach of contract. (Doc. 1, 10).  The case was transferred to the District of South Dakota, (Doc. 22), and this Court granted Defendants' motion to dismiss in part, with several claims dismissed as moot.  (Doc. 34).

On January 10, 2023, the Eighth Circuit affirmed the dismissal, stating Plaintiffs "do not have standing because they have not suffered an injury in fact that would likely be redressed by judicial relief." 57 F.4th at 607. The court recognized Plaintiffs had transferred their rights in the properties to a third party. *Id.* (citing *L & L P'ship*, 843 N.W.2d at 704). The court further emphasized that Plaintiffs "have no legal or equitable rights in the properties." *Id.* Plaintiffs petitioned for rehearing by the panel and en banc review, which were denied. (Doc. 49). The Court notes that Plaintiffs were represented by counsel at both the district court and appellate court levels.

On January 24, 2023, Defendants filed a motion for attorney fees and costs with supporting documentation. (Doc. 46, 47, 48). There was no opposition by Plaintiffs filed with this Court, either with respect to the motion for attorney fees filed after the appeal or the earlier motion for attorney fees, (Doc. 37), filed with the District Court following entry of the Order and Judgment of dismissal. On March 28, 2023, after the remand by the Eighth Circuit, this Court entered an Order and Judgment awarding Defendants the requested attorney fees. (Doc. 52, 53). The fee award was $61,802.55, consisting of $42,009.50 requested by Attorneys Bowerbank and Lopez of Garcia Rainey Blank and Bowerbank LLP, (Doc. 39-3), and $19,793.05, representing attorney fees of $19,249.00 and costs of $544.05, requested by Attorney Christianson of Gunderson Palmer, Nelson &

Ashmore LLP, (Doc. 48). Almost one year later, on March 25, 2024, Plaintiffs filed the pending motion with this Court requesting relief from the Order and Judgment awarding attorney fees and costs.

Plaintiffs assert they are entitled to relief under F.R.C.P. 60(b) because their brief in opposition to Defendants' motion for attorney fees was filed at the Eighth Circuit, not at the District Court, and therefore this Court did not have the opportunity to consider their arguments. In Plaintiffs' view, this denied them due process. (Doc. 55, PgID 134). Plaintiffs assert further that their arguments would have persuaded the Court not to enter the Order and Judgment at Docs. 52 and 53. Plaintiffs have attached the briefs signed by trial counsel that apparently were filed at the Eighth Circuit. (Doc. 55-1). Plaintiffs request that the Court grant relief under Rule 60(b) and vacate the order awarding Defendants $61,802.55 in attorney fees and costs.

Plaintiffs think a procedural mistake was made because this case is docketed in the Western Division of the District of South Dakota and the undersigned Judge serves in the Southern Division. (Doc. 55, PgID 132). There is no mistake in that regard, as this Judge handles a percentage of the cases filed in the Western Division and has access to all documents properly filed in those cases. Plaintiffs also argue the attorney fee award was unreasonable if based on the Parties' contracts and also

4

unreasonable because attorney billing statements were deficient, as addressed in more detail below.

Defendants' response to the F.R.C.P. 60(b) motion is that no mistake warranting relief was made. They assert Plaintiffs' motion should have been brought pursuant to Rule 59 rather than Rule 60(b) but that in either case, Plaintiffs are not entitled to relief. Defendants attribute any inadequate filing or failure to comply with procedural rules to Plaintiffs. Defendants request additional attorney fees in connection with Plaintiffs' pending motion.

## LEGAL STANDARD

1. F.R.C.P. 59(e)

Rule 59(e) provides as follows: "Motion to Alter or Amend a Judgment. A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). Such a motion calls into question "the correctness of the judgment." *Norman v. Arkansas Dept. of Educ.*, 79 F.3d 748, 750 (8th Cir. 1996) (quoting *Seshachalam v. Creighton Univ. Sch. of Medicine*, 545 F. 2d 1147, 1147 (8th Cir. 1976)). The court has the discretion to grant or deny a Rule 59(e) motion and the abuse of discretion standard applies on review. *U.S. v. Metropolitan St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006) (citing *Innovative Home Health Care v. P.T.-O.T. Assoc. of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir. 1998)). A Rule 59(e) motion has a limited function

5

and is not properly used "to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment." *Huff v. City of Brookings Police Dept.*, 2022 WL 17583753, *4 (D.S.D. Dec. 12, 2022) (citing *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008)). See also 11 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure*, § 2810.1 (3d ed., April 2023 update).

As explained in Wright and Miller, § 2817, because of the overlap between Rules 59(e) and 60(b), courts may entertain an untimely motion under Rule 59(e) as a motion under Rule 60(b). See, e.g., *Blechinger v. Sioux Falls Housing and Redevelopment Com'n*, 2012 WL 174852 (D.S.D. Jan. 20, 2012).

2. F.R.C.P. 60(b)(1)

Rule 60(b)(1) provides as follows:

> Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect....

Fed. R. Civ. P. 60(b)(1).

A motion under this rule must be made "no more than a year after the entry of the judgment or order...." Fed. R. Civ. P. 60(c). The Eighth Circuit has stated that Rule 60(b)(1) is grounded in equity and "is to be given a liberal construction so as to do substantial justice and 'prevent the judgment from becoming a vehicle of

injustice'." *MIF Realty L.P. v. Rochester Assocs.*, 92 F.3d 752, 755 (8th Cir. 1996)
(quoting *Rosebud Sioux Tribe v. A & P Steel, Inc.*, 733 F.2d 509, 515 (8th Cir.
1984)). See also *Atmosphere Hospitality Management, LLC, v. Shiba Investments,
Inc.*, 2015 WL 6872551, *8 (D.S.D. Nov. 9, 2015). Relief pursuant to Rule 60(b)
is "an extraordinary remedy." *Hunter v. Underwood*, 362 F.3d 468, 475 (8th Cir.
2004).

The Eighth Circuit has distinguished between a mistake made by a party and
a mistake made by a court. *Lowry v. McDonnell Douglas Corp.*, 211 F.3d 457, 461
(8th Cir. 2000). The court has made clear that "judicial inadvertence" must be the
basis for a claim of judicial error that warrants relief under Rule 60(b)(1). *Id.*
(citing *Fox v. Brewer*, 620 F.2d 177, 180 (8th Cir. 1980)).

With respect to a party's error, the analysis set forth in *Pioneer Inv. Servs. v.
Brunswick Assocs. Ltd. Partnership*, provides the appropriate guidance. 507 U.S.
380, 387-88 (1993). "Excusable neglect" may include a late filing caused by
"inadvertence, mistake, or carelessness, as well as by intervening circumstances
beyond the party's control." *Id.* at 388. Determining whether the neglect is
excusable requires taking account of the "relevant circumstances surrounding the
party's omission." *Id.* Additional factors for a court to assess include the possible
prejudice to a party, the length of delay, the reason for delay, and good faith. *Id.* at
395. The existence of a meritorious defense or claim also must be a concern for a

court.  See *Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 783-84 (8th Cir. 1998).

As a general rule, however, attorney ignorance or carelessness does not qualify as

excusable neglect.  *Noah v. Bond Cold Storage*, 408 F.3d 1043, 1045 (8th Cir.

2005) (cleaned up).  Thus "failure to follow the clear dictates of a court rule" or a

"mistake of law" are not ordinarily viewed as excusable neglect warranting relief

pursuant to Rule 60(b)(1).  *Id.*

    3.  F.R.C.P. 60(b)(6)

    Rule 60(b)(6) provides that relief from a judgment or order may be available

for "any other reason that justifies relief."  See generally Wright & Miller, *supra*, §

2864.  As a threshold matter, relief pursuant to Rule 60(b)(6) is "exceedingly rare"

and available only in "exceptional cases."  *In re Guidant Corp. Implantable*

*Defibrillators Prods. Liab. Litig.*, 496 F.3d 863, 866 (8th Cir. 2007).

In most cases, "even gross negligence on the part of counsel is not enough."

*Leland Oil & Gas, LLC v. Azar*, 2017 WL 4247325, *4 (D.N.D. Sept. 25, 2017)

(citing *Link v. Wabash R. Co.*, 370 U.S. 626, 633-35 (1962)).  Instructive in the

case at bar is *Heim v. C.I.R.*, where plaintiffs pursued a motion under Rules

60(b)(1) and 60(b)(6) based on the negligence of their attorney.  872 F.2d 245, 247

n.2 (8th Cir. 1989).  The court held that "attorney errors," even if demonstrating

gross negligence, did not qualify as exceptional circumstances warranting vacation

of the judgment of the tax court.  *Id.* at 248.  See also *Moton v. Park Christian*

*School*, 2022 WL 5197370, *2 (D. Minn. Oct. 5, 2022) (relief unavailable under Rules 60(b)(1) and (b)(6) based on attorney errors). As noted above, however, in situations where a party has defaulted the court may assess whether the party's failure to meet a deadline was a "marginal failure" as well as whether the defaulting party has a "meritorious defense." *Johnson*, 140 F.3d at 784.

Relief under Rules 60(b)(1) and 60(b)(6) is mutually exclusive. *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847 (1988) (citing *Klapprott v. United States*, 335 U.S. 601, 614-15 (1949)). If relief is premised on Rule 60(b)(1), it is not available under Rule 60(b)(6). *Id.* See also *Atmosphere Hospitality*, 2015 WL 6872551, *11, 15 (attorney errors did not support relief under Rule 60(b)(1) and alternatively under 60(b)(6) as extraordinary circumstances).

## ANALYSIS

### 1. F.R.C.P. 59(e)

Defendants argue that Plaintiffs' motion should have been brought pursuant to Rule 59(e), that it must be denied because it is untimely, and that no mistake occurred that warrants relief. (Doc. 57). The Court declines to force Plaintiffs into the restrictions of Rule 59(e), given that they cite to Rule 60 as their source for potential relief. Their motion was not timely under Rule 59(e) and would have been dismissed on that basis. However, even if a motion could have been brought pursuant to Rule 59(e), courts generally permit a litigant to proceed under Rule 59

or 60. See, e.g., *Blechinger*, 2012 WL 174852, *2. The Court adopts that approach and declines to dismiss the motion as untimely under Rule 59(e).

### 2. F.R.C.P. 60(b)(1)

Plaintiffs endeavor to create an error by the Eighth Circuit or this Court with respect to the filing or transmittal of their documents opposing the award of attorney fees. There was no error by the Eighth Circuit in its remand to the Court to determine any award of attorney fees. There was no error by this Court in awarding attorney fees and costs given that Defendants were the prevailing parties in both the District Court and Eighth Circuit, the fees and costs were documented, and the fees and costs were reasonable. There was no opposition to the motion for attorney fees and costs filed by Plaintiffs in this Court, either in answer to the initial request for attorney fees, Doc. 37, or in answer to the request following the Eighth Circuit's affirmance of the District Court's Judgment, Doc. 52, 53. There was no "judicial inadvertence" warranting relief for Plaintiffs pursuant to Rule 60(b)(1). *Lowry*, 211 F.3d at 461. Therefore, there was no "mistake" permitting relief pursuant to Rule 60(b)(1).

Lacking any evidence of "inadvertence" or "surprise," the Court must assess whether "excusable neglect" justifies relief under Rule 60(b)(1). While any error in this case is attributable to Plaintiffs, no explanation has been proffered to demonstrate that their neglect was excusable. Plaintiffs were required to file their

briefs in opposition to Defendant's motion in this Court in accordance with Local Rule 7.1(B). They did not do so. Rule 60(b)(1) does not provide relief under these circumstances.

   3. F.R.C.P. 60(b)(6)

   Although Plaintiffs argue relief under Rule 60(b)(1) is warranted based on "mistake," they also argue Rule 60(b)(6)'s authorization for relief based on "any other reason that justifies relief" should apply in this case, even though that remedy is for the "rare" and "exceptional" circumstance. *In re Guidant Corp.*, 496 F.3d at 866. The Court is cognizant of the need to employ Rule 60(b) in the interest of justice. *MIF Realty*, 92 F.3d at 755. Therefore, the Court will address whether justice requires reconsideration and vacating of the order awarding attorney fees to Defendants. In this respect, the Court must assess whether a meritorious defense exists. *Johnson*, 140 F.3d at 783-84.

   It appears there were briefs filed by an attorney for Plaintiffs only at the Eighth Circuit and not with this Court. Plaintiffs have attached the briefs to their motion. Doc. 55-1, PgID 130 and 141. There are two primary arguments in the briefs. The first is that Defendants' attorney fee request is unreasonable because it was based on an attorney fee provision in a contract for deed for Pennington County land, but that no such provision is included in the contract for deed for the Meade County land involved in this lawsuit. As a result, according to Plaintiffs,

11

any fee award may pertain only to work on the dispute over the Pennington County land, which Defense Counsel must separately itemize. Plaintiffs further argue the contractual provision cannot be used to cover all fees in this case but only fees pertinent to their claim for breach of contract and not their claims for fraud and conversion. Plaintiffs' second argument is that the fees requested are not adequately documented.

Whether the Court had had Plaintiffs' briefs initially or not, it would have rejected both of their arguments. With respect to the contractual attorney fee provision, the Court offers the following. There is an attorney fee provision in the Pennington County land contract for deed for "any litigation or dispute" arising out of the contract. (Doc. 55-1, PgID 191, ¶ 19). Contrary to Plaintiffs' assertions, there is an attorney fee provision in the contract for deed for the Meade County land in the event of the buyers' (Plaintiffs) default which would cover principal and interest owed and "expenses and reasonable attorney fees incurred by the Seller [Defendants] in collecting or enforcing payment thereof." (Doc. 55-1, PgID 169, ¶ 19).

As noted above, Plaintiffs have been involved in numerous lawsuits in the South Dakota Circuit and Supreme Courts concerning the land that is the subject of this lawsuit. As described in *FarmPro Services, Inc. v. Finneman*, the fourth of those lawsuits, the Finnemans' defaults are what prompted the foreclosures and

related activities. 887 N.W.2d at 74. While in most situations involving a purchaser's default the seller would be the plaintiff in ensuing litigation, that has not been the case with the lawsuit before this Court. The purchasers assumed the role of plaintiffs and sued for breach of contract, fraud, and conversion. This was after the many lawsuits in the South Dakota Circuit and Supreme Courts denying them relief. This Court dismissed based on lack of standing, res judicata, and failure to comply with Rule 9(b)'s requirements by pleading allegations of fraud with particularity. This litigation is grounded in Plaintiffs' defaults, and Plaintiffs cannot now avoid the contract provisions awarding attorney fees in connection with their default by framing the claims as based in fraud and conversion. Accepting Plaintiffs' arguments in this respect would turn the "interest of justice" standard on its head. The award of attorney fees at Doc. 52 and 53 is consistent with the provisions of the contracts for deed between the Parties. Therefore, the Court denies Plaintiffs' request for relief under Rule 60(b)(6) in its entirety based on their arguments that the contract provisions do not apply to their default on the Meade County land, that the attorney fees requested must be parsed to cover only the fees related to the default in Pennington County, and that fees are available only for the breach of contract claim.

Plaintiffs' second argument-- that the documentation for the fee award is deficient-- is equally unavailing. The Court has examined the documentation

13

submitted by Attorney Christianson pertaining to Plaintiffs' unsuccessful appeal at the Eighth Circuit. Counsel's hourly rate is reasonable as are the hours spent on the litigation which are documented and reasonable. (Doc. 48-1). The Court had previously examined the documentation submitted by Garcia Rainey Blank and Bowerbank pertaining to the work performed by Attorneys Bowerbank and Lopez. The Court previously found, and adheres to its finding upon re-examination, that the hourly rates were reasonable as were the hours spent on the litigation. (Doc. 39-3).

The Court finds the interest of justice does not require vacating or revising its grant of attorney fees based on the adequacy of the documentation. The failure to file Plaintiffs' briefs in opposition to Defendants' motion for attorney fees has had no impact on the Court's determination that attorney fees and costs were properly awarded to Defendants. The Court denies Plaintiffs' motion for reconsideration pursuant to Rule 60(b)(6).

**CONCLUSION**

Plaintiffs have argued their due process rights were violated when their briefs were not filed before this Court, and as a result, the Court improperly awarded attorney fees and costs to Defendants. The Court recognizes that the briefs were not properly filed before the Court in accordance with Local Rule 7.1(B). However, Plaintiffs' motion for relief pursuant to Rule 60(b) is unavailing.

Even if there was an error on the part of counsel in failing to properly file the briefs, the error was inconsequential.  The Court reviewed the briefs Plaintiffs filed with their current motion to determine whether the "interest of justice" requires the Court to vacate its Judgment awarding the fees of $61,802.55.  Finding no injustice, the Court adheres to its judgment awarding attorney fees and costs to the Defendants.  Plaintiffs' motion for relief under Rule 60(b) is denied.

        Accordingly, IT IS ORDERED that

1.   Plaintiffs' motion for relief under F.R.C.P. 60(b)(1) and 60(b)(6) is denied, (Doc. 54); and

2.   Defendants' request for attorney fees in conjunction with Plaintiff's motion at Doc. 54 is denied, (Doc. 57).

        Dated this 28th day of May, 2024.

                                        BY THE COURT:

                                        Lawrence L. Piersol
                                        United States District Judge

ATTEST:
MATTHEW W. THELEN, CLERK